# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JTTONALI ONE EYE EL-BEY, <br>   Plaintiff, <br><br> vs. <br><br> UNITED STATES POSTAL <br> SERVICE, <br>   Defendant. | Case No. 1:21-cv-590 <br><br> Barrett, J. <br> Bowman, M.J. <br><br> **REPORT AND** <br> **RECOMMENDATION** |

Plaintiff, an inmate previously at the Butler County Jail,[1] has filed the instant pro se action against the United States Postal Service. (Doc. 1). The Court notes that the instant case is one of several cases that plaintiff has filed in this Court. *See, e.g.*, *El-Bey v. The United States of America, et al.*, No. 1:21-cv-574-MRB-SKB (S.D. Ohio), *El-Bey v. Wisecup, et al.*, No. 1:21-cv-678-MRB-SKB (S.D. Ohio), *El-Bey v. Walker, et al.*, No. 1:21-cv-679-MRB-SKB (S.D. Ohio), and *El-Bey v, Sylvester, et al.,* No. 1:21-cv-680-MRB-SKB (S.D. Ohio).

By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is now before the Court for a *sua sponte* review of the complaint (Doc. 1) to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). This matter is also before the Court on Plaintiff's motions to produce and inspect records (Doc. 2), to consolidate cases (Doc. 7), and for

---

[1] The last known address for plaintiff was the Butler County Jail. (*See* Doc. 5 (attached envelope)). However, as of this date, plaintiff's name does not appear on the Butler County Jail website's inmate roster. It does appear that he was ordered to undergo a psychiatric and/ or psychological evaluation pursuant to 18 U.S.C. § 4241 in a pending criminal matter in this Court. *United States v. Watson*, No. 1:21-cr-110 (S.D. Ohio). However, plaintiff has not provided an updated address in the instant matter. Accordingly, the **Clerk of Court** is **DIRECTED** to mail this Report and Recommendation to plaintiff at the Butler County Jail—his last known address—and to update the docket record in this Court to reflect that address.

appointment of counsel (Doc. 15).

For the following reasons, the complaint should be dismissed for failure to state a claim and the pending motions should be denied as moot.

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token,

however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, as set forth above, the sole defendant is the United States Postal Service. Plaintiff, who claims to be a "Moorish American National," alleges that, on August 20, 2021, he went to the post office to get his mail and to request a "proof of address." (Doc. 1, at PageID 1). Plaintiff alleges that while there he spoke to an employee named "Bill," who is not named as a defendant, and who allegedly told plaintiff, "[w]e do not give out any proof of address." (Doc. 1, at PageID 1). Bill, however, also allegedly told plaintiff that if "you have a piece of mail from that P.O. Box we can provide proof in this manner." (Doc. 1, at PageID 1).

3

It appears from the allegations in the complaint that the only piece of mail plaintiff had was from the Child Support Enforcement Agency, which bore "[a] name which is similar to or is an unacceptable form of misidentification[.]" (Doc. 1, at PageID 2). Plaintiff alleges that he wrote "Return to Sender" on the envelope and exited the post office, whereupon he went to a Speedway and bought a cup of coffee for himself and a fellow "Tribal Member." (Doc. 1, at PageID 2).

Plaintiff alleges that when he left the Speedway, he drove past a Wilmington Police Department vehicle, which plaintiff alleges began to follow him. (Doc. 1, at PageID 3). Plaintiff alleges that when he stopped at another member's house and tried to enter the house, he realized he had forgotten his key. (Doc. 1, at PageID 3). Plaintiff alleges that around this time he heard sirens from three police cruisers and was approached by a non-defendant officer who stated that plaintiff had a warrant. (Doc. 1, at PageID 4). Plaintiff alleges that he was handcuffed, put into a police cruiser, and his vehicle was searched. (Doc. 1, at PageID 4).

Plaintiff alleges that "in consideration of the circumstances," he believes that "Bill," at the post office, "was or did initiate this occurrence in a conspiracy against rights and against the International Mailing Manuel forms of identification rules: regulations: etc: etc." (Doc. 1, at PageID 5).

Because the sole defendant is a federal agency, the complaint is subject to dismissal for lack of subject matter jurisdiction. Subject matter jurisdiction is lacking in a lawsuit against the United States, or an agency of the United States, unless the government consents to suit. *United States v. Testan*, 424 U.S. 392, 399 (1976); *see also CareToLive v. von Eschenbach*, 525 F. Supp. 2d 938, 950 (S.D. Ohio 2007) (the United States may not be sued without its consent, and consent is a prerequisite for jurisdiction) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Reed v. Reno*, 146 F.3d 392, 398 (6th Cir. 1998)), *aff'd sub nom.*

*CareToLive v. Eschenbach*, 290 F. App'x 887 (6th Cir. 2008). Absent an express waiver of sovereign immunity, the district court lacks jurisdiction over a claim against the United States. *Id.* (citing *Mitchell*, 463 U.S. at 212). "Jurisdiction over any suit against the [United States] Government requires a clear statement from the United States waiving sovereign immunity . . . together with a claim falling within the terms of the waiver." *Id.* (citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Id.* (citing *Mitchell*, 463 U.S. at 239; *Reed*, 146 F.3d at 398). !

The plaintiff has the burden to identify a waiver of sovereign immunity in order to proceed with a claim against the United States. *Id.* (citing *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000)). If the plaintiff cannot identify a waiver, his claim must be dismissed for lack of jurisdiction. *Id.* (citing *Reetz*, 224 F.3d at 795). *See also Wojton v. U.S.*, 199 F. Supp. 2d 722, 726 (S.D. Ohio 2002) (plaintiff has the burden under Fed. R. Civ. P. 8 to set forth the grounds for the Court's jurisdiction).

Plaintiff's lawsuit against the United States Postal Service, a government agency, is a suit against the United States. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit"). Thus, plaintiff must identify a waiver of sovereign immunity. Plaintiff has not carried his burden to identify a waiver of sovereign immunity. Nor do the allegations of the complaint provide any factual content or context from which the Court may reasonably infer that defendant waived its sovereign immunity with respect to the matters at issue in this case. The complaint makes only rambling, conclusory, and unsupported allegations of a conspiracy to violated plaintiff's rights. (*See* Doc. 1, at PageID 1-5). These allegations are not sufficient to show that the government

waived its sovereign immunity from suit with respect to the claims at issue. The complaint should therefore be dismissed for lack of subject matter jurisdiction.[2]

Because the Court has determined that plaintiff's complaint should be dismissed for lack of jurisdiction, the Court lacks jurisdiction to consider plaintiff's motions to produce and inspect records (Doc. 2), to consolidate cases (Doc. 7), and for appointment of counsel (Doc. 15). Therefore, these motions should be denied as moot.

Accordingly, in sum, the complaint should be dismissed pursuant to pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's pending motions (Docs. 2; 7; 15) should be denied as moot.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint (Doc. 1) be **DISMISSED without prejudice** for lack of subject matter jurisdiction pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. Plaintiff's motions to produce and inspect records (Doc. 2), to consolidate cases (Doc. 7), and for appointment of counsel (Doc. 15) be **DENIED** as **MOOT.**

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

                                                         *s/Stephanie K. Bowman*
                                                         Stephanie K. Bowman
                                                         United States Magistrate Judge

---

[2] As set forth above, the employee who plaintiff alleges violated his rights is not named as a defendant. In any event, plaintiff's vague and conclusory allegations against that individual are simply insufficient to raise a right to relief. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 565-66.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JTTONALI ONE EYE EL-BEY, <br>     Plaintiff, <br><br> vs. <br><br> UNITED STATES POSTAL <br> SERVICE, <br>     Defendant. | Case No. 1:21-cv-590 <br><br> Barrett, J. <br> Bowman, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).