UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jttonali One Eye El-Bey,

    Plaintiff,

        v.                                      Case No. 1:21-cv-00590

United States Postal Service,          Judge Michael R. Barrett

    Defendant.

## **ORDER**

    This matter is before the Court on the Magistrate Judge's February 8, 2022 Report and Recommendation ("R&R"). (Doc. 19).

    The Court gave Plaintiff proper notice under Federal Rule of Civil Procedure 72(b), including notice that he would waive further appeal if he failed to file objections to the R&R within a 14-day period from the date of the issuance of the R&R. (*Id.* PageID 109); *see United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Within the 14-day period, the R&R mailed to Plaintiff was returned to the Clerk's Office as undeliverable. (Doc. 20). However, soon after objections were due, the Court received a document from Plaintiff titled "Notice." (Doc. 21). The Court has reviewed this Notice for any objections to the February 8, 2022 R&R.

    In the Notice, Plaintiff acknowledges the Magistrate Judge's finding in the February 8, 2022 R&R that the Complaint is subject to dismissal for lack of subject matter jurisdiction because the only defendant in this case number is a federal agency and Plaintiff failed to identify a waiver of sovereign immunity. (*Id.* PageID 111). Despite this acknowledgement, Plaintiff does not object to this finding and, instead, proceeds to

1

reiterate the allegations in his Complaint. *Compare* (Doc. 21), *with* (Doc. 1). Without explaining how Plaintiff has carried his burden to identify a waiver of sovereign immunity, Plaintiff does not convince the Court that the Magistrate Judge erred in her finding that the Court lacks subject matter jurisdiction. Plaintiff's Notice does not present any new argument in response to the R&R that convinces the Court that the Magistrate Judge erred. *See Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that ... simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

In sum, and after a de novo review of the filings in this matter, the Court finds that the Magistrate Judge correctly determined that this case should be dismissed due to a lack of subject matter jurisdiction. *See* FED. R. CIV. P. 72(b)(3). Plaintiff does not persuade the Court otherwise, and the Court will adopt the R&R in its entirety.

In light of the foregoing, it is hereby **ORDERED** that the R&R (Doc. 19) is **ADOPTED in full**. Consistent with the recommendations therein, it is **ORDERED** that the Complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction; Plaintiff's Motions to Produce and Inspect Records (Doc. 2), to Consolidate Cases (Doc. 7), and for Appointment of Counsel (Doc. 15) are **DENIED as MOOT**; the Court certifies that an appeal of this Order would not be taken in good faith; and this case is **CLOSED**.

**IT IS SO ORDERED.**

                                              _/s Michael R. Barrett_____
                                              Michael R. Barrett, Judge
                                              United States District Court